IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE ALLEN, JR. and WANDA NORRIS, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | |
| vs. | ) | COMPLAINT FOR VIOLATION |
| | ) | OF CIVIL RIGHTS |
| THE CITY OF CHICAGO, MICHAEL WROBEL, | ) | |
| Star No. 11688, MICHAEL WALSH, JR., | ) | **JURY DEMANDED** |
| Star No. 9004, DOMINGO ENRIQUEZ, JR., | ) | |
| Star No. 12794, PAUL HEYDEN II, Star No. | ) | |
| 13461, KEITH OLSON, Star No. 1560, | ) | |
| R. GOMEZ, Star No. 17659, FRANK RAMAGLIA, | ) | |
| Star No. 1775, ROBERTO DELCID, Star No. | ) | |
| 19548, SCOTT KORHONEN, Star No. 2826, | ) | |
| EMMANUEL ZAMBRANO, Star No. 3325, and | ) | |
| JONATHAN APACIBLE, Star No. 8558, | ) | |
| | ) | |
| Defendants. | ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Sections 1983 and 1985). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1381 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff, Willie Allen Jr. ("Allen"), was and is now a citizen of the United States.

4. At all times herein mentioned, Plaintiff Wanda Norris, ("Norris") was and is a citizen of the United States, and was within the jurisdiction of this court.

(Allen and Norris are collectively referred to herein as the "Plaintiffs").

1

5. At all times herein mentioned Chicago Police Officer Michael Wrobel, Star No. 11688 ("Wrobel"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

6. At all times herein mentioned Chicago Police Officer Michael Walsh Jr., Star No. 9004 ("Walsh"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

7. At all times herein mentioned Chicago Police Officer Domingo Enriguez, Jr., Star No. 12794 ("Enriquez"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

8. At all times herein mentioned Chicago Police Officer Paul Heyden II, Star No. 13461 ("Heyden"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

9. At all times herein mentioned Chicago Police Officer Keith Olson, Star No. 1560 ("Olson"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

10. At all times herein mentioned Chicago Police Officer R. Gomez, Star No. 17669 ("Gomez"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

11. At all times herein mentioned Chicago Police Officer Frank Ramaglia, Star No. 1775 ("Ramaglia"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

12. At all times herein mentioned Chicago Police Officer Roberto Delcid, Star No. 19548 ("Delcid"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

13. At all times herein mentioned Chicago Police Officer Scott Korhonen, Star No. 2826 ("Korhonen"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

14. At all times herein mentioned Chicago Police Officer Emmanuel Zambrano, Star No. 3325 ("Zambrano"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

15. At all times herein mentioned Chicago Police Officer Jonathan Apacible, Star No. 8558 ("Apacible"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

(Wrobel, Walsh, Enriquez, Heyden, Olson, Gomez, Ramaglia, Delcid, Korhonen, Zambrano, and Apacible are collectively referred to herein as the "Individual Defendants").

16.    At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, The City of Chicago maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

17.    On or about September 5, 2017, Plaintiffs resided in their home located at 1700 North Mayfield, Chicago, Illinois.

18.    At that time and place the Individual Defendants entered and searched the Plaintiffs' home located in Chicago, Illinois.

19.    None of the Individual Defendants knocked and announced their office or indicated they had a search warrant prior to forcibly entering Plaintiffs' home on September 5, 2017.

20.    The Individual Defendants caused excessive and unnecessary property damage while searching the Plaintiffs' home on September 5, 2017.

21.    Plaintiffs did not consent to their home being searched on September 5, 2017.

22.    On September 5, 2017, the Individual Defendants seized Allen.

23.    Allen did not consent to being seized.

24.    There was no outstanding arrest warrant for Allen.

25.    There was no legal cause to seize Allen.

26.    On or about September 5, 2017, Defendants Wrobel and Walsh caused false criminal charges to be brought against Allen for forgery.

27.    On or about September 12, 2017, the charges terminated in Allen's favor.

28.    By reason of the above-described acts and omissions of Defendants, Plaintiffs sustained injuries, including but not limited to, property damage, humiliation and indignities, and plaintiffs suffered great mental and emotional trauma, pain and suffering all to their damage in an amount to be ascertained.

29. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

30. By reason of the above-described acts and omissions of the Defendants, and each of them, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of her rights. By reason thereof, Plaintiffs requests payment by Defendants, and each of them, of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiffs against the Individual Defendants
### For Unreasonable Search and Seizure

31. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty (30) hereafter as though fully set forth at this place.

32. By reason of the Defendants' conduct, Plaintiffs were deprived of rights, privileges and immunities secured to her by the Fourth and Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

33. The arbitrary intrusion by Defendants into the security and privacy of Plaintiffs' home was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner on September 5, 2017: (1) the forcible entry and search of Plaintiffs' home; (2) forcibly entering the home without first knocking and announcing their office; (3) causing excessive and unnecessary property damage to the Plaintiffs' home and personal property contained therein; (4) seizing Plaintiffs' property without just cause; and (5) seizing Plaintiff Allen without just cause. These acts were in violation of the

5

Plaintiffs' Fourth Amendment rights. Therefore, the Defendants, and each of them, in their individual capacity are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff against Defendant Wrobel for
### Unreasonable Procurement of a Search Warrant

34. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty (30) hereat as though fully set forth at this place.

35. Plaintiff is informed and believes that Defendant Wrobel may have procured a search warrant on or about September 4, 2017, identifying Allen as the target of the warrant, Plaintiffs' home as the premises to be searched, and heroin and any related paraphernalia as the items to be seized.

36. Procurement of the search warrant was unreasonable and unconstitutional for one or more of the following reasons:

   a. the Defendant relied upon a confidential informant who had not previously provided reliable information in order to obtain the warrant;

   b. the Defendant failed to independently verify information provided by the confidential informant prior to obtaining the warrant;

   c. the Defendant failed to advise the Assistant State's Attorney approving the warrant application and the judge issuing the warrant of all available relevant information related to Plaintiffs' home and Allen.

   d. the Defendant failed to conduct a search of available databases for any information connecting Allen to heroin;

   e. the Defendant failed to be truthful with the Assistant State's Attorney approving the warrant application and the judge issuing the warrant regarding all

information provided by any alleged confidential information and corroboration of that information or lack thereof;

37. No reasonably well-trained police officer in the position of Wrobel would have applied for the search warrant obtained by Wrobel and it was done intentionally or with reckless disregard to the rights of Plaintiff.

38. As a result of Wrobel's unreasonable procurement of the search warrant, Plaintiffs sustained damages including but not limited to property damage, property loss, and emotional distress.

39. The procurement of the search warrant was in violation of the Plaintiffs' Constitutional Rights and not authorized by law. The foregoing was unnecessary, unreasonable and excessive, and in violation of Plaintiff's Fourth Amendment rights under the U.S. Constitution. Therefore, Wrobel, in his individual capacity is liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

### COUNT III
### Plaintiffs against the Individual Defendants and the City of Chicago for the State Supplemental Claim of Trespass

40. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty (30) hereat as though fully alleged at this place.

41. The Individual Defendants committed the tort of trespass when they entered Plaintiffs' home without permission or authority on September 5, 2017.

42. The City of Chicago is liable to Plaintiffs for the acts of the Individual Defendants pursuant to the doctrine of *respondeat superior.*

### COUNT IV
### Plaintiff Allen against Wrobel, Walsh and the City of Chicago For The Supplemental Claim of Malicious Prosecution

43. Plaintiff incorporates and realleges paragraphs one (1) through thirty (30) hereat as though fully set forth at this place.

44. On September 5, 2017, Defendants Wrobel and Walsh caused a criminal prosecution to commence against Allen.

45. Wrobel and Walsh, police officers employed by the City of Chicago, maliciously commenced and caused to be continued a criminal action against Allen without probable cause for the institution of these proceedings. As a result, Allen was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

46. Wrobel and Walsh initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, and/or by preparing false witness statements.

47. The criminal proceedings terminated in the Allen's favor on or about September 12, 2017.

48. The City of Chicago is liable to Allen for the acts of Wrobel and Walsh pursuant to the doctrine of *respondeat superior*.

49. Therefore Wrobel, Walsh and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, Plaintiffs, by and through their attorneys, ED FOX & ASSOCIATES, LTD., requests judgment against the Defendants, and each of them as follows:

1. That the Defendants be required to pay the Plaintiffs' general damages including emotional distress, in a sum to be ascertained.

2. That Defendants be required to pay Plaintiffs' special damages.

3. That Defendants, except the City of Chicago, be required to pay Plaintiffs' exemplary and punitive damages in a sum to be ascertained;

4.	That Defendants be required to pay Plaintiffs' attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

5.	That Defendants be required to pay Plaintiffs the costs of suit herein incurred; and

6.	That Plaintiffs have such other and further relief as the court may deem just and proper.

BY:	s/Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efoxlaw.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

BY:	s/Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES
Attorneys for Plaintiffs
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efoxlaw.com